IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30954
Summary Calendar

_____


FLOYD ALLEN,

                              Petitioner-Appellant,

                    versus

BURL CAIN, WARDEN,
LOUISIANA STATE PENITENTIARY,

                              Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-915-B
--------------------
March 12, 2003

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Floyd Allen, Louisiana prisoner # 211312, moves this court for a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition in which he attacks his 1993 conviction for second degree murder. This court issues a COA to an applicant only if he makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).  To make this showing, Allen must

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Any doubt regarding whether to grant a COA is resolved in favor of the petitioner. Fuller v. Johnson, 114 F.3d 491, 495 (5th Cir. 1997).

Allen argues that the state failed to disclose a plea agreement it made with one of its witnesses in order to obtain the witness's testimony. However, Allen has not shown a violation of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). He also argues that the trial judge erroneously denied his challenge for cause of a prospective juror. The state court held this claim was procedurally barred, which Allen has failed to overcome. See Coleman v. Thompson, 501 U.S. 722, 729 (1991). Allen further argues that his counsel rendered ineffective assistance by failing to argue mitigating circumstances to the jury and failing to object to the denial for cause of the prospective juror. Allen has not met the test for ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 689-94 (1984). Allen's arguments that the evidence was insufficient, that the prosecutor made improper argument to the jury, and that there was cumulative error, are all without merit. See Darden v. Wainwright, 477 U.S. 168, 181 (1986); Jackson v. Virginia, 443 U.S. 307, 319 (1979); Derden v. McNeel, 978 F.2d 1453, 1458 (5th Cir. 1992)(en banc).

Finally, Allen argues that East Baton Rouge Parish used a racially discriminatory system of selecting grand jury foremen and that counsel was ineffective for failing to object to the selection system. A prima facie case of discrimination in the selection of a grand jury foreman is established if the petitioner 1) shows that the group against whom discrimination is asserted is a distinct class, singled out for different treatment; 2) proves the degree of under-representation by comparing the proportion of the group in the total population to the proportion called to serve as foremen over a "significant period of time;" and 3) shows that the selection procedure is susceptible to abuse or is not racially neutral. See Rose v. Mitchell, 443 U.S. 545, 565 (1979); Guice v. Fortenberry ("Guice I"), 661 F.2d 496, 498-99 (5th Cir. 1981)(en banc). Once a prima facie case is established, the state may offer rebuttal evidence showing that objective, racially neutral criteria were used in the selection process. Johnson v. Puckett, 929 F.2d 1067, 1072 (5th Cir. 1991).

Allen, who is black, presented data showing that between 1976 and 1992, only four black grand jury foremen were selected out of 47 grand juries but that the black population in East Baton Rouge Parish comprised between 21% and 30% of the total population of registered voters during that time period. The district court concluded that Allen had made out a prima facie case of discrimination between 1976 and 1992 but concluded that any inferences of discrimination were refuted by data for the five

3

years preceding Allen's indictment showing that three out of nine grand jury foremen were black.

Reasonable jurists would find debatable the district court's focus solely on statistical data for the five years before Allen's indictment. See Johnson, 929 F.2d at 1072; Guice v. Fortenberry ("Guice II"), 722 F.2d 276, 279-80 (5th Cir. 1984). Therefore, we GRANT COA as to the issue of the grand jury foremen selection process. It does not appear from the record that the state offered any rebuttal evidence or that the material facts were adequately developed in the state court habeas proceedings. See Guice I, 661 F.2d at 500. We therefore VACATE the district court's judgement in part and REMAND so that the district court may further consider the issue and conduct an evidentiary hearing, if necessary. The district court's denial of Allen's claim that counsel was ineffective for failing to object to the grand jury foremen selection system was based on its resolution of the merits of the grand jury issue. We therefore GRANT COA on this ineffective assistance claim and VACATE the district court's judgment in part and REMAND so that the district court may further consider the issue.

COA GRANTED IN PART AND DENIED IN PART; VACATED IN PART AND REMANDED.